UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VITTORIO PAPANDREA,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

14-cv-9461 (NSR)(LMS)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Vittorio Papandrea ("Plaintiff") commenced this action, pursuant to 42 U.S.C. § 405(g), challenging the administrative decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff's applications for Social Security Income ("SSI") benefits, finding him not disabled under the Social Security Act (the "Act"). (ECF No. 2.) By Stipulation and Order, dated September 1, 2015, the parties consented to remanding the matter back to Social Security Administration ("SSA") for further proceedings. (ECF No. 19.) By Notice of Motion, dated January 7, 2019, Plaintiff moved for attorney's fees awarding fees under 42 U.S.C. §406(b)(1). (ECF No. 22.) Defendant did not oppose the application. This case was referred to Magistrate Judge Lisa M. Smith ("MJ Smith"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), for all purposes, including to issue a Report and Recommendation ("R & R") on Plaintiff's motion. (ECF No. 6).

    Now before the Court is MJ Smith's R & R, recommending that Plaintiff's motion for an award of attorney's fees be GRANTED. (ECF No. 25.) The Parties had until May 3, 2019 to submit objections to the R & R but no objections were filed. For the following reasons, the Court adopts MJ Smith's R & R in its entirety and GRANTS Plaintiff's motion for attorney fees.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/2019

1

**BACKGROUND**

The following facts are summarized and taken from the administrative record and the parties' submissions.

On or about January 25, 2010, Plaintiff filed an application seeking disability insurance benefits (DIB) and supplemental security income ("SSI") alleging a disability with an onset date of July 1, 2009. (ECF No. 9, Administrative Record ("AR") 227-35.) Plaintiff's application was denied and he requested a hearing before an Administrative Law Judge ("ALJ"). (AR 118-25.) On June 16, 2011, a hearing was held before an ALJ and by decision, dated September 19, 2011, Plaintiff was deemed not disabled. (AR 94-109.) On October 11, 2011, Plaintiff requested that the Appeals Council ("AC") review the ALJ's decision. (AR 172-73.) On December 21, 2012, the AC remanded Plaintiff's case to the ALJ. (AR 110-14.) On April 9, 2013, a subsequent hearing was held before the ALJ which resulted in an unfavorable decision. (AR 17-34.) Plaintiff once again requested the AC review the ALJ's decision and the AC denied his request. (AR 1-6, 14.)

On or about November 17, 2014, Plaintiff retained counsel, Olinsky Law Group ("Olinsky") to represent him in federal court concerning his Social Security case. (ECF No. 23, Affirm. in Support, Exh. A, Fee Agreement (the "Agreement").) On November 27, 2014, Olinksy commenced the instant action on behalf of Plaintiff seeking review, pursuant to 42 U.S.C. § 405(g), seeking to appeal the SSA's denial of the Plaintiff's application for benefits. (ECF No. 2.) The Agreement executed by Plaintiff and Olinsky provides that counsel shall charge and receive as a fee an amount equal to twenty-five percent of the past due benefits awarded to Plaintiff and his family if he prevail. Olinsky provided legal services to Plaintiff in pursuing his rights to benefits before the district court.

On September 11, 2015, by Stipulation and Order, the case was remanded to the SSA for further administrative proceedings. (ECF No. 19.) On September 14, 2015, judgement was entered remanding this matter back to the SSA. (ECF No. 20.) On October 20, 2015, the parties stipulated that pursuant to

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Defendant would pay Plaintiff $1,873.64 in attorney fees and cost. (ECF No. 21.) On December 26, 2018, Plaintiff received an "Important Notice" letter from the SSA indicating it was withholding $12,988.75, which represents twenty-five percent (25%) of past-due benefits owed Plaintiff. (Pl. Affirm. Exh. B.)

Plaintiff's motion seeks attorney fees in the amount of $6,988.75.[1] Plaintiff's counsel, Olinsky, agrees to refund the $1,873.64 received in EAJA attorney fees should the Court grant this motion under 42 U.S.C. § 406b. Defendant was given until April 8, 2019, to oppose the instant motion. (ECF No. 24.) No such opposition was filed. Similarly, Defendant had until May 3, 2019, to file an objection to the R & R and to date no objection has been filed.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y.

---

[1] Plaintiff assumes the hearing representative has received a 42 U.S.C. § 406a fee in the amount of $6,000.00 for representation at the post litigation hearing and $6,988.75 is still available for 42 U.S.C. § 406b fees.

1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error. A claimant may be entitled to attorney fees pursuant to the Act, 42 U.S.C. § 406(b)*; Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 668 (S.D.N.Y. 2010). In particular, the EAJA provides that a claimant, who is represented by counsel, is entitled to reasonable attorney fees, not to exceed twenty-five percent (25%) of the past-due benefits claimant is entitled to, upon entry of a favorable

judgment. 42 USC § 406(b)(1)(A). In the determining whether to award legal fees, the courts first look to the retainer agreement, and then test the agreement for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In her R & R, MJ Smith considered multiple factors, including whether the contingency fee agreement was capped at twenty-five percent (25%), as required by statute, whether there was any indicia of fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney. Defendant did not object to the reasonableness of the fees requested. As determined by MJ Smith, the record indicates that counsel's role in initiating and prosecuting the instant lawsuit was reasonable. Accordingly, the Court finds no clear error. The Court adopts the R & R in its entirety and determines counsel is entitled to recover $6,988.75, representing twenty-five percent (25%) of the past-due benefits awarded to Plaintiff as reasonable attorney's fees.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Smith's R & R in its entirety. Plaintiff's counsel is entitled to recover $6,988.75, as reasonable attorney's fees. Said funds to be made payable to the Olinsky Law Group. The Court directs that Plaintiff's counsel shall refund the amount of $1,873.64, previously awarded as attorney's fees to Plaintiff. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 22.

Dated: May 7, 2019
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN